## TABACHNICK v. BRAND.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

VENDOR AND PURCHASER—CONTRACTS—CONSTRUCTION.

A contract of sale of land provided that the purchaser should pay $30,-000 therefor, by paying $500 on the signing thereof, $1,000 additional on the signing of the formal contract and the execution of the deed, $4,500 in cash, and the balance of $24,000 by raising what purchaser could on a first mortgage of the property, and the remainder by a purchase-money second mortgage to vendor, or vendor to have the option of accepting $15,000 in first mortgages on the property in lieu of that amount of cash. *Held*, that purchaser was not entitled to have the formal contract drawn to bind vendor to get mortgages for $15,000 on the land to be paid on the purchase price, and, because vendor would not give such contract, to rescind and recover the $500 paid.

Appeal from Municipal Court of New York.

Action by William Tabachnick against Leopold Brand. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

The action was to recover the sum of $500 which the plaintiff had paid to the defendant at the time of receiving of the latter the following written instrument signed by him, viz.:

"Received from Mr. Tabachnik the sum of five hundred ($500) dollars for the sale of the premises Nos. 370-378 Watkins street, Brooklyn, New York. The price agreed upon is $30,000 and the expense whatsoever in reference to the said premises charged by the Title Guarantee & Trust Co., of Brooklyn, New York. The buyer, William Tabachnik, has the right to take the loan from the Title Guarantee & Trust Co., or from anybody else in any sum on his own expense, and to pay the same over to the seller, Leopold Brand, or the said Leopold Brand can accept the mortgage to be given by the Title Guarantee & Trust Co., of Brooklyn, N. Y., for $15,000 and to be three mortgages covering same premises.

"The contract is to be made June 4th, 1906, at the offices of Reich & Brand, 320 Broadway, New York City, at 1:30 p. m. To pay at the time of executing contract an additional amount of $1,000. Title to be given on June 10th, 1906, four thousand five hundred ($4,500) dollars at the delivery of the deed, and the difference between the amount of the 1st mortgage and the sum unpaid on the purchase price of $30,000, then and in .that event the buyer, William Tabachnik, is to give a purchase money mortgage for the balance due at six per cent. per annum, due on August 10th, 1906. The property must be free and clear of all encumbrances or liens.

"Dated, N. Y. May 28th, 1906.                     Wm. Tabachnick
                                                  "Leopold   Brand."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Sanders Shanks, for appellant.

Fromme Bros., for respondent.

GAYNOR, J. The judgment must be reversed. The contract given by the defendant to the plaintiff, when the latter paid the former the $500 on account of the purchase price of the land, appointed a day for the making of a more formal contract, and the payment of an additional sum of $1,000 by the plaintiff. When the parties met the plaintiff demanded that the formal contract be drawn to bind the defendant to get three mortgages of the title company on the land for $15,000,

i. e., one on each of the three lots for $5,000, and to be paid on the purchase price; and because the defendant would not give such a contract the plaintiff refused to go on and demanded back the $500 he had paid. He was not entitled to such a contract. The terms fixed by the informal contract were, in sum and substance, that the plaintiff should pay $30,-000 for the land, by paying in cash $500 on the signing thereof, $1,000 additional on the signing of the formal contract, and the balance on the deed day as follows, viz.: $4,500 in cash, and the balance of $24,000 by raising what he could on first mortgage on the property, and the balance by a purchase money second mortgage on the property to the defendant; or the defendant had the option of accepting $15,000 in first mortgages on the said property in lieu of that amount of the cash to be paid as aforesaid. This option evidently contemplated that the defendant might be willing to accept that amount in mortgage instead of the plaintiff getting that amount, or more, or more likely less, of the title company (or some one else) on mortgage.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.